UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CR-60182-DIMITROULEAS

UNITED STATES OF AMERICA,

v.

ALEXIS MONIQUE GREENE,

      Defendant.

_____/

PLEA AGREEMENT

  The United States of America and ALEXIS MONIQUE GREENE, (hereinafter referred to as the "defendant") enter into the following agreement:

  1. The defendant agrees to plead guilty to Count One (1) of the indictment, which charges the defendant with Wire Fraud, in violation of Title 18, United States Code, Section 1343.

  2. The United States agrees to seek to dismissal of Count Two (2) of the indictment, after sentencing.

  3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range

1

that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw her plea solely as a result of the sentence imposed.

4. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government

2

prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

5. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

   a. **Base Offense Level**: Pursuant to 2B1.1(a)(1), the base offense level in the instant case is a 7.

   b. **Specific Offense Characteristic:** Because the actual or intended loss amount was more than $40,000 but less than $95,000, a 6 level increase in the offense level is warranted per 2B1.1(b)(1)(D).

   c. **Reduction in Total Offense Level:** Because the Defendant is a zero point offender who meets the criteria set forth in 4C1.1, there is a 2 level reduction in the total offense level.

   d. **Restitution**: The Defendant agrees to the entry of an order of restitution in the amount of $44,839.00, made payable to the Small Business Administration. This sum represents the actual loss in the instant case.

6. The defendant further understands and acknowledges that, in addition to any sentence imposed in this case, a special assessment in the amount of one hundred dollars ($100) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The defendant also understands and acknowledges that as to Count One (1) of the indictment, the court can impose up to a 20 year term of imprisonment, followed by a term of supervised release of up to 3 years, and a fine of up to $250,000. The Court shall order restitution, if applicable.

8. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any property, real or personal, which constitutes or is derived from proceeds traceable to a violation, or a conspiracy to commit a violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C). In addition, Defendant agrees to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

9. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

10. The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders

of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including her attorney or the District Court, can predict to a certainty the effect of her conviction on her immigration status. However, the Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her removal from the United States.

12. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The

defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/5/24    By: _____
MARC S. ANTON
ASSISTANT U. S. ATTORNEY

Date: 1-5-24    By: _____
KRISTI KASSEBAUM, ESQ.
ATTORNEY FOR DEFENDANT

Date: 1-5-24    By: _____
ALEXIS MONIQUE GREENE
DEFENDANT